# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

MICHAEL EDWARDS,

    Petitioner,

vs.                                                         Case No. 4:14cv549-RH/CAS

STATE OF FLORIDA,

    Respondent.
_____/

## REPORT AND RECOMMENDATION TO DISMISS AMENDED § 2254 PETITION

On October 15, 2014, Petitioner Michael Edwards, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. Petitioner subsequently filed an amended § 2254 petition. ECF No. 6. Petitioner challenges his convictions and sentences entered by the Second Judicial Circuit, Leon County, Florida, in three cases: 02-76; 02-159; and 02-174. *Id.*

On July 27, 2015, Respondent filed a motion to dismiss the habeas petition, with attached exhibits. ECF No. 16. Respondent asserts the petition should be dismissed as untimely. *Id.*

On September 2, 2015, Petitioner filed a reply to the motion to dismiss. ECF No. 19. Petitioner had previously filed a Motion to Strike the Respondent's Motion to Dismiss and Summary Judgment. ECF No. 17. This Court indicated it would treat the

latter as a reply to the Respondent's motion to dismiss unless Petitioner filed a reply, which Petitioner then filed. ECF No. 18; *see* ECF No. 19.

The matter was referred to the undersigned magistrate judge for issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters, pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B). After careful consideration, the undersigned has determined no evidentiary hearing is required for the disposition of this matter. *See* Rule 8(a), R. Gov. § 2254 Cases. The pleadings and attachments before the Court show that the petition is untimely and should be dismissed. *See* Rule 4, R. Gov. § 2254 Cases in U.S. Dist. Cts (authorizing dismissal "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" in federal court).

## Background and Procedural History

This case involves three sets of underlying state court convictions. In the first set, by information filed in February 2002, in Leon County Circuit Court case number **02-76**, the State of Florida charged Petitioner with one count of armed robbery with a firearm, a first degree felony punishable by life, contrary to section 812.13(2)(a), Florida Statutes, and two counts of kidnaping to facilitate a felony, a first degree felony punishable by life, contrary to section 787.01(1)(a)2., Florida Statutes, in connection with events that took place on December 23, 2001. ECF No. 16 Ex. A at 1.[1] Petitioner proceeded to a jury trial on March 13, 2002, and the jury found him guilty as charged on

---

[1]Hereinafter, all citations to the state court record, "Ex. –," refer to exhibits submitted with Respondent's Motion to Dismiss, ECF No. 16.

the armed robbery count and guilty of the lesser included offense of false imprisonment on each of the two kidnaping counts. Ex. A at 28-30. On July 15, 2002, the state trial court sentenced Petitioner to twenty (20) years in prison on the armed robbery conviction, with a minimum mandatory term of ten (10) years, and five (5) years in prison on the false imprisonment convictions, to run concurrent. *Id.* at 31-37. Petitioner appealed his judgment and sentence to the First District Court of Appeal (DCA), which affirmed the case, assigned number 1D02-3086, without a written opinion on October 20, 2003. Ex. E.

In the second set, by information filed February 19, 2002, in Leon County Circuit Court case number **02-159**, the State of Florida charged Petitioner with one count of armed robbery with a firearm, a first degree felony punishable by life, contrary to section 812.13(2)(a), Florida Statutes, and two counts of kidnaping to facilitate a felony with a firearm, a life felony, contrary to sections 775.087 and 787.01(1)(a)2., Florida Statutes, in connection with events that took place on December 14, 2001. Ex. F at 8. Petitioner proceeded to a jury trial on March 15, 2002, and the jury found him guilty as charged on all three counts. *Id.* at 19-21. Only July 15, 2002, the state trial court sentenced Petitioner to twenty (20) years on each count, with a minimum mandatory term of ten (10) years, each to run consecutive and also consecutive to his sentences in case number 02-76. *Id.* at 27-31. Petitioner appealed his judgment and sentence to the First DCA, which affirmed the case, assigned number 1D02-3264, without a written opinion on October 15, 2003. Ex. K.

In the third set, by information filed February 19, 2002, in Leon County Circuit Court case number **02-174**, the State of Florida charged Petitioner with one count of armed robbery, a first degree felony punishable by life, contrary to section 812.13(2)(a), Florida Statutes, in connection with events that took place on December 8, 2001. Ex. L at 2. Petitioner proceeded to a jury trial on March 12, 2002, and the jury found him guilty as charged and specifically found he had actual possession of the firearm. *Id.* at 18. On July 24, 2002, the state trial court sentenced him to twenty (20) years, with a minimum mandatory of ten (10) years, to run consecutive to his sentences in the other two cases. *Id.* at 27-31. Petitioner appealed his judgment and sentence to the First DCA, which affirmed the case, assigned number 1D02-3471, without a written opinion on January 27, 2004. Ex. R.

For the first set of convictions, in 02-76, on November 9, 2004, Petitioner Edwards filed a motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850. Ex. S at 1-93. In an order entered April 27, 2007, the state post-conviction court denied the Rule 3.850 motion. *Id.* at 94-178. Petitioner appealed the order to the First DCA, assigned case number 1D07-3099, and filed an initial brief. Ex. T. On January 15, 2008, the First DCA affirmed the case per curiam, without an opinion. Ex. V. The mandate issued February 12, 2008. *Id.*

For the second set of convictions, in 02-159, on January 4, 2005, Petitioner Edwards filed a motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850. Ex. W at 1-67. In an order entered April 30, 2007, the state post-conviction court denied the Rule 3.850 motion. *Id.* at 71-116. Petitioner appealed the

order to the First DCA, assigned case number 1D07-3101, and filed an initial brief. Ex. X. On May 9, 2008, the First DCA affirmed the case per curiam, without an opinion. Ex. Z. The mandate issued June 4, 2008. *Id.*

For the third set of convictions, in 02-174, on October 4, 2004, Edwards filed a motion for post-conviction relief. Ex. AA at 1-102. On April 27, 2007, the state post-conviction trial court denied the motion. *Id.* at 103-200. Petitioner appealed the order to the First DCA, assigned case number 1D07-3105. On July 9, 2008, the First DCA issued an opinion affirming in part and reversing and remanding in part, for the trial court to hold a hearing or attach portions of the record conclusively refuting one of Edwards' claims. Ex. GG. On remand, on December 19, 2008, the trial court entered an order denying that claim for relief. Ex. HH.

On May 2, 2012, Edwards filed a petition for writ of habeas corpus in all three circuit court cases. Ex. MM at 1-120. The state trial court denied the petition on October 2, 2012. *Id.* at 121-22. Edwards appealed to the First DCA, and that court affirmed the case, assigned number 1D12-5298, per curiam without a written opinion on February 18, 2013. Ex. NN. The mandate issued March 18, 2013. *Id.*

In the meantime, on August 3, 2012, Edwards had also filed another Rule 3.850 motion seeking post-conviction relief in the state trial court in all of his cases. Ex. II at 1-68. In an order entered October 2, 2012, the trial court denied the motion. *Id.* at 71-72. Edwards appealed the order to the First DCA, assigned case number 1D12-5297, and filed an initial brief through counsel. Ex. JJ. The First DCA affirmed the case per

curiam without an opinion on February 18, 2013. Ex. LL. The mandate issued March 6, 2013. *Id.*

On August 14, 2013, Edwards filed another post-conviction motion in all three circuit court cases. Ex. OO at 1-97. By order rendered August 16, 2013, the court denied the motion. *Id.* at 98-99. Edwards appealed the order to the First DCA, which affirmed the case, assigned number 1D13-4309, per curiam without an opinion on April 15, 2014. Ex. RR; *see* Ex. PP (Edwards' Initial Brief). Edwards filed a motion for rehearing and rehearing en banc, which the First DCA denied. *See* online docket for 1D13-4309 at www.1dca.org. The mandate issued June 10, 2014. *See id.*

On June 19, 2014, Petitioner filed another petition for writ of habeas corpus in all three circuit court cases. Ex. SS. By order dated July 11, 2014, the state trial court dismissed the petition, which it treated as a Rule 3.850 motion. Ex. TT. The court also found Edwards' "filing of repetitious and frivolous pleadings" constituted "an abuse of judicial process," and ordered him to show cause why he should not be prohibited from filing future pro se pleadings. Ex. TT at 2. Edwards responded to the show cause order on August 7, 2014. Ex. UU. In an order rendered August 20, 2014, the trial court prohibited Edwards from filing further pro se pleadings. Ex. VV.

As indicated above, Edwards filed a § 2254 petition in this Court on October 15, 2014. ECF No. 1. Edwards subsequently filed an amended § 2254 petition and raises two grounds: (1) "[t]he state court lacked jurisdiction to enter a judgment or conviction against Petitioner for three counts of armed robbery, in violation of 5th and 14th Amendments of the Florida and the United States Constitution"; and (2) "[t]he state

court erred by instructing the jury on a theory of a crime not charged in the charging information, nor pled as an essential element of the crime, in violation of the Petitioner's rights to due process of the 5th and 14th Amendment of the Florida and United States Constitution." ECF No. 6 at 5, 6. Respondent has filed a motion to dismiss the habeas petition as untimely, with attached exhibits. ECF No. 16. Edwards has filed a reply. ECF No. 19.

## Analysis

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), there is a one-year limitations period for filing a § 2254 petition. 28 U.S.C. § 2244(d)(1). The period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* at § 2244(d)(1)(A). Later dates which may commence the period are the date on which an unconstitutional impediment which prevented the applicant from filing is removed; the date on which the constitutional right asserted was recognized by the U.S. Supreme Court and made retroactive on collateral review; and the date on which the factual predicate for the claim could have been discovered with due diligence. *Id.* at § 2244(d)(1)(B)-(D). The period is tolled for the time during which a "properly filed" application for relief is pending in state court. *Id.* at § 2244(d)(2).[2]

---

[2] The time may also be equitably tolled in rare cases and "only if a petitioner establishes *both* extraordinary circumstances and due diligence." Diaz v. Sec'y for Dep't of Corr., 362 F.3d 698, 702 (11th Cir. 2004).

In Leon County Circuit Court case number **02-76**, Petitioner's conviction became final for AEDPA purposes on January 18, 2004, when the ninety-day period to seek review in the U.S. Supreme Court expired following the First DCA's per curiam affirmance without a written opinion on October 20, 2003, in Petitioner's direct appeal of his judgment and sentence. Ex. E; *see* 28 U.S.C. § 2244(d)(1)(A); Sup. Ct. R. 13. The one-year AEDPA limitations clock started on the date of finality and ran for 296 days, until Edwards filed a Rule 3.850 motion on November 9, 2004.[3] Ex. S at 1-93. The AEDPA clock was tolled until February 12, 2008, when the First DCA issued its mandate in the appellate affirmance of the circuit court's denial of Edwards' Rule 3.850 motion. Ex. V. The AEDPA clock then ran for 69 more days until it expired on April 21, 2008.

In Leon County Circuit Court case number **02-159**, Petitioner's conviction became final for AEDPA purposes on January 13, 2004, when the ninety-day period to seek review in the U.S. Supreme Court expired following the First DCA's per curiam affirmance without a written opinion on October 15, 2003, in Petitioner's direct appeal of his judgment and sentence. Ex. K; *see* 28 U.S.C. § 2244(d)(1)(A); Sup. Ct. R. 13. The one-year AEDPA limitations clock started on the date of finality and ran for 357 days, until Edwards filed a Rule 3.850 motion on January 4, 2005. Ex. W at 1-67. The AEDPA clock was tolled until June 4, 2008, when the First DCA issued its mandate in

---

[3]The year 2004 was a leap year.

the appellate affirmance of the circuit court's denial of Edwards' Rule 3.850 motion. Ex. Z. The AEDPA clock ran for 8 more days until it expired on June 12, 2008.

In Leon County Circuit Court case number **02-174**, Petitioner's conviction became final for AEDPA purposes on April 26, 2004, when the ninety-day period to seek review in the U.S. Supreme Court expired following the First DCA's per curiam affirmance without a written opinion on January 27, 2004, in Petitioner's direct appeal of his judgment and sentence. Ex. R; *see* 28 U.S.C. § 2244(d)(1)(A); Sup. Ct. R. 13. The one-year AEDPA limitations clock started on the date of finality and ran for 161 days, until Edwards filed a Rule 3.850 motion on October 4, 2004. Ex. AA at 1-102. The AEDPA clock was tolled until January 17, 2009, thirty days after the circuit court's December 18, 2008, order on remand from the First DCA, following Edwards' appeal of the circuit court's denial of his Rule 3.850 motion. Ex. HH. The AEDPA clock then ran for 204 more days until it expired on August 9, 2009.

Petitioner did not file anything else in any of the three circuit court cases until May 2, 2012, when he filed a petition for habeas corpus in the state circuit court for all three cases. Ex. MM at 1-120. The one-year AEDPA limitations period had already expired by this point, however. *See* Hutchinson v. State of Fla., 677 F.3d 1097, 1098 (11th Cir. 2012) ("In order for § 2244(d)(2) statutory tolling to apply, petitioner must file his state collateral petition before one-year period for filing his federal habeas petition has run."); Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000) ("Under § 2244(d)(2), even 'properly filed' state-court petitions must be 'pending' in order to toll

limitations period. A state-court petition . . . filed following expiration of limitations period cannot toll period because there is no period remaining to be tolled.").

Indeed, Petitioner appears to concede his § 2254 petition is untimely. *See* ECF No. 6 at 13; ECF No. 17 at 7. Petitioner argues he is entitled to have his petition heard regardless of the time bar because of the holdings in McQuiggin v. Perkins, 133 S.Ct. 1924 (2013), Trevino v. Thaler, 133 S.Ct. 1911 (2013), and Martinez v. Ryan, 132 S.Ct. 1309 (2012). ECF No. 6 at 6; ECF No. 19.

In Martinez, the U.S. Supreme Court held that "a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the [state court's] initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." 132 S.Ct. at 1320. Petitioner Edwards is not asserting a claim of ineffective assistance of trial counsel, however. *See* ECF No. 6. Further, the Eleventh Circuit has expressly rejected Petitioner's argument that Martinez applies to overcome the AEDPA limitations bar. *See* Arthur v. Thomas, 739 F.3d 611, 630-31 (11th Cir. 2014) ("Because Arthur's § 2254 petition was denied due to his complete failure to timely file that § 2254 petition, the Supreme Court's analysis in Martinez and Trevino of when and how 'cause' might excuse noncompliance with a state procedural rule is wholly inapplicable here. . . . Thus, we also hold that the reasoning of the Martinez rule does not apply to AEDPA's limitations period in § 2254 cases or any potential tolling of that period."); *see also, e.g.*, Lambrix v. Sec'y, Dep't of Corr., 756 F.3d 1246, 1262-63 (11th Cir. 2014) (explaining "Martinez does not alter the

statutory bar against filing untimely § 2254 petitions"). Thus, Petitioner's reliance on Martinez and Trevino is misplaced.

To the extent Petitioner argues his incarceration constitutes a "fundamental miscarriage of justice" because he is "actually innocent," such that he should benefit from the equitable exception to the AEDPA statute of limitations set forth in McQuiggin v. Perkins, 133 S.Ct. 1924 (2013), such argument should also be rejected. *See* ECF No. 6 at 13; ECF No. 17 at 5-7. The "equitable exception" in McQuiggin applies "only when the petitioner presents new evidence that 'shows it is more likely than not that no reasonable juror would have convicted the petitioner.'" Gore v. Crews, 720 F.3d 811, 817 (11th Cir. 2013) (quoting McQuiggin, 133 S.Ct. at 1931, 1933). In this case, however, Petitioner has made no such claim or showing.

## Conclusion

For the reasons stated above, this § 2254 petition is untimely. Accordingly, Respondent's motion to dismiss (ECF No. 16) should be granted and the amended § 2254 petition (ECF No. 6) should be dismissed.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the U.S. District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner cannot make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, the Court should deny a certificate of appealability in its final order. Leave to appeal in forma pauperis should also be denied, as an appeal would not be taken in good faith. *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

The second sentence of Rule 11(a) provides that "[b]efore entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Petitioner shall make any argument as to whether a certificate should issue by filing objections to this report and recommendation.

## Recommendation

It is therefore respectfully **RECOMMENDED** that Respondent's motion to dismiss (ECF No. 16) be **GRANTED**, the amended § 2254 petition for writ of habeas corpus (ECF No. 6) be **DISMISSED**, a certificate of appealability be **DENIED**, and leave to appeal in forma pauperis be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on November 19, 2015.

                              **s/ Charles A. Stampelos**
                              **CHARLES A. STAMPELOS**
                              **UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy of this report and recommendation. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.