IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

MICHAEL EDWARDS,

    Petitioner,

v.                                       CASE NO. 4:14cv549-RH/CAS

STATE OF FLORIDA,

    Respondent.

_____/

### ORDER DENYING THE PETITION, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO APPEAL IN FORMA PAUPERIS

This petition for a writ of habeas corpus under 28 U.S.C. § 2254 is before the court on the magistrate judge's report and recommendation, ECF No. 23, and the objections, ECF No. 24. I have reviewed *de novo* the issues raised by the objections. The report and recommendation is correct and is adopted as the court's opinion. For more than three years—from issuance of the state appellate court's mandates in 2012 affirming the state postconviction court's denial of collateral relief until the filing in 2012 of a state-court petition for a writ of habeas corpus—

there was no pending state-court application for collateral relief. The filing of this federal petition in 2014 missed the one-year limitations period by a wide margin.

The petitioner asserts his untimely filing should be excused based on estoppel or other doctrines, but he alleges no facts in support of the assertion. If this petition could go forward, the statute of limitations would be a dead letter.

Rule 11 of the Rules Governing § 2254 Cases requires a district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *See Miller-El v. Cockrell*, 537 U.S. 322, 335-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983); *see also Williams v. Taylor*, 529 U.S. 362, 402-13 (2000) (setting out the standards applicable to a § 2254 petition on the merits). As the Court said in *Slack*:

> To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were " 'adequate to deserve encouragement to proceed further.' "

529 U.S. at 483-84 (quoting *Barefoot*, 463 U.S. at 893 n.4). Further, in order to obtain a certificate of appealability when dismissal is based on procedural grounds,

a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484.

The petitioner has not made the required showing. This order thus denies a certificate of appealability. Because the petitioner has not obtained—and is not entitled to—a certificate of appealability, and because any appeal would be frivolous, any appeal will not be taken in good faith. I certify under Federal Rule of Appellate Procedure 24(a) that an appeal will not be taken in good faith and that the petitioner is not otherwise entitled to proceed on appeal *in forma pauperis*.

For these reasons,

IT IS ORDERED:

1. The report and recommendation is ACCEPTED.

2. The clerk must enter judgment stating, "The petition is denied with prejudice."

3. A certificate of appealability is DENIED.

4. Leave to appeal in forma pauperis is DENIED.

5. The clerk must close the file.

SO ORDERED on December 14, 2015.

                                  s/Robert L. Hinkle
                                  United States District Judge